Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| SISTEMA DE RETIRO DE LA UNIVERSIDAD DE PUERTO RICO<br><br>Apelada<br><br>v.<br><br>EX PARTE | TA2026AP00145 | *Apelación,* acogida como *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2026CV00188<br><br>Sobre: Consignación |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2026.

Comparecen ante nos los peticionarios, Gilberto J. Rodríguez Rosado y José G. Rodríguez Rosado (en adelante y en conjunto, peticionarios), y nos solicitan la revisión de la *Orden* emitida el 26 de enero de 2026, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de San Juan. Mediante esta, el Foro Primario denegó una solicitud de retiro de fondos promulgada por los peticionarios, así como que les ordenó presentar un pleito ordinario independiente.

Por los fundamentos que expondremos a continuación, *se expide* el auto solicitado y *se revoca* la *Orden* recurrida.

**I**

El 15 de enero de 2026 el Sistema de Retiro de la Universidad de Puerto Rico (en adelante, UPR) presentó una *Petición Ex Parte*, mediante la cual solicitó la consignación de ciento noventa mil setecientos cuarenta y siete dólares con sesenta y seis centavos

($190,747.66). Adujo que dicha cantidad correspondía a los beneficios por defunción acumulados por la fallecida Carmen Manuela Rosado Pacheco (en adelante, causante).[1] Además, la UPR alegó que, en el caso núm. PO2024CV02246, y mediante *Sentencia* emitida el 19 de agosto de 2024, se declaró como única y universal heredera a Dolores Pacheco Valdivieso (en adelante, señora Pacheco Valdivieso), madre de la causante. Igualmente, planteó que la causante designó como beneficiarios de pagos por defunción a los peticionarios, ambos mayores de edad, y a los menores de edad, identificados por sus siglas GRR y JRR.

Posteriormente, el 22 de enero de 2026, el Foro de Instancia emitió dos (2) órdenes. En la primera, ordenó a la UPR a presentar, dentro de un término de diez (10) días el formulario OAT-1032 para cada uno de los beneficiarios, así como los certificados de nacimiento de los menores de edad involucrados.[2] Por otra parte, en la segunda *Orden*, el Foro *a quo* le requirió la UPR, dentro del mismo término, fundamentar en derecho la razón por la que solicitaba la consignación a favor de los beneficiarios y no a favor de la persona declarada heredera.[3] En respuesta, en igual fecha, la UPR presentó una *Moción en Cumplimiento de Orden*, mediante la cual explicó que no tenía una postura en cuanto al desembolso de los referidos fondos, y que su único interés era la consignación de los mismos.[4]

Al día siguiente, el 23 de enero de 2026, los peticionarios presentaron una *Moción en Solicitud de Retiro de Fondos*.[5] En la misma, alegaron que, conforme a la designación de beneficiarios, los fondos en controversia debían distribuirse de la siguiente manera: un treinta por ciento (30%) para Gilberto J. Rodríguez Rosado, un

---

[1] Apéndice del recurso, Entrada Núm. 1.
[2] *Íd.*, Entrada Núm. 4.
[3] *Íd.*, Entrada Núm. 5.
[4] *Íd.*, Entrada Núm. 6.
[5] *Íd.*, Entrada Núm. 7.

veinte por ciento (20%) para José G. Rodríguez Rosado y un veinticinco por ciento (25%) para cada uno de los menores identificados como beneficiarios. Los peticionarios sostuvieron que, al no existir controversia sobre la identidad de los beneficiarios ni de los porcentajes asignados a cada uno, procedía en derecho autorizar el retiro de los fondos consignados a su favor, sin que se menoscabara la porción que le correspondía a los menores de edad. Igualmente, los peticionarios solicitaron que se reconociera expresamente que los fondos en cuestión no formaban parte del caudal hereditario de la causante, pues respondían a un derecho propio de cobro derivado de una designación válida de beneficiarios realizada por esta.

El mismo día el Foro Primario emitió una *Orden,* en la cual le requirió a la UPR que, en un término de diez (10) días, informara si los fondos consignados provenían de una póliza de seguro o de aportaciones al sistema de retiro como parte del salario de la causante. Además, le ordenó cumplir con la entrega de documentos solicitados anteriormente mediante *Orden* del 22 de enero de 2026.[6]

Según lo ordenado, la UPR presentó una *Moción en Cumplimiento de Orden,* mediante la cual reiteró que no era parte involucrada en la controversia entre los beneficiarios, y anejó los certificados de nacimiento de los menores de edad en controversia.[7] Además, adujo que la cantidad consignada consistía en el remanente de los fondos de retiro que no le fueron distribuidos a la causante, y que provenían del total de aportaciones hechas por esta al Sistema de Retiro de la UPR, así como las aportaciones patronales correspondientes.

---

[6] *Íd.*, Entrada Núm. 8.
[7] *Íd.*, Entrada Núm. 9.

El 26 de enero de 2026 los peticionarios presentaron una *Moción Informativa y Producción de Documentos*.[8] En la misma, alegaron que, conforme al *Reglamento General del Sistema de Retiro de la Universidad de Puerto Rico,* los beneficios debían pagarse a los beneficiarios debidamente designados, tras el fallecimiento de la causante. Así, reiteraron su solicitud para que se autorizara el retiro de los fondos que les correspondía.

Luego de evaluar los planteamientos de las partes, el 27 de enero de 2026, el Tribunal de Primera Instancia emitió la *Orden* recurrida, mediante la cual declaró *No Ha Lugar* la solicitud de retiro de fondos presentada por los peticionarios.[9] Igualmente, el Foro Primario ordenó a los peticionarios a presentar un pleito ordinario independiente, en el cual se incluyeran las potenciales partes con interés en el dinero consignado en el Tribunal. Ese mismo día, el Foro de Instancia emitió una *Resolución,* en la cual aceptó la consignación de los referidos fondos, y ordenó el cierre y archivo del caso.[10]

Inconforme y tras denegada una previa solicitud de reconsideración, el 11 de febrero de 2026, los peticionarios presentaron el recurso ante nos. En el mismo, señalaron la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia, Sala Superior de San Juan, al denegar la Moción en Solicitud de Retiro de Fondos presentada por los apelantes mayores de edad, a pesar de que estos fueron válidamente designados por la participante (causante) como beneficiarios, con especificación expresa de los porcentajes correspondientes, en cumplimiento con los requisitos establecidos en el Reglamento General del Sistema de Retiro de la Universidad de Puerto Rico aplicable a los beneficios por muerte cuando existen designaciones válidas de beneficiarios, y en contravención a la jurisprudencia aplicable.

---

[8] *Íd.*, Entrada Núm. 11.
[9] *Íd.*, Entrada Núm. 13.
[10] *Íd.*, Entrada Núm. 14.

Luego de examinar detalladamente el expediente de autos, procedemos a expresarnos.

**II**

**A**

Conforme reconoce la interpretación doctrinal vigente, la *consignación* es el depósito judicial de la cosa debida, quedando ésta bajo la autoridad competente, quien la habrá de retener hasta tanto determine ponerla en posesión del acreedor. J. Vélez Torres, *Derecho de Obligaciones; Curso de Derecho Civil,* 2da Ed., San Juan, Ed. Universidad Interamericana de Puerto Rico, Facultad de Derecho, 1997, pág. 186. El referido mecanismo se califica como una forma de *pago,* por lo que, cumplidos los requerimientos pertinentes a su eficacia, produce la extinción de la obligación de que trate. *TOLIC v. Febles Gordián,* 170 DPR 804, 818 (2007).

En particular, el Artículo 1131 del Código Civil, 31 LPRA sec. 9181, expresamente dispone como sigue:

> El deudor queda liberado de responsabilidad mediante la consignación o la oferta de la prestación debida en cualquiera de estos casos:
>
> (a) si el acreedor a quien se hace el ofrecimiento de pago se niega, sin razón, a admitirlo;
>
> (b) si el acreedor está ausente o incapacitado para recibir el pago;
>
> (c) si varias personas pretenden tener derecho a cobrar; o
>
> (d) si se ha extraviado el título de la obligación.

Del mismo modo, la doctrina vigente reconoce que la eficacia de una consignación también está supeditada a que medie un aviso previo de la misma a todos los interesados en el cumplimiento de la obligación concernida, así como a que concurran los requisitos medulares de la figura del pago y se haga el depósito de lo debido. 31 LPRA sec. 9182. En este último contexto, debe observar el

cumplimiento de los criterios de identidad, integridad e indivisibilidad de la obligación. J. Vélez Torres, *supra*, a las págs. 173-175. Una vez se verifique la observancia de las formalidades antes descritas, el tribunal competente podrá declarar la consignación como "bien hecha", teniendo ello el efecto de producir extinción del vínculo asumido. Por tanto, una vez recaiga el pronunciamiento judicial correspondiente, el deudor queda liberado de los efectos del mismo. *TOLIC v. Febles Gordián*, supra, pág. 819.

**B**

Por otro lado, sabido es que, aunque los menores de edad tienen personalidad jurídica, estos carecen de capacidad de obrar. *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 868 (2015). Por ello, un menor deberá comparecer a un pleito a través de los progenitores con la patria potestad, o en su defecto, por medio de su tutor general. Regla 15.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 15.2. Del mismo modo, la ley impone a los progenitores, respecto a sus hijos, la obligación de alimentarlos, tenerlos en su compañía, educarlos conforme a sus capacidades económicas, así como, también, representarlos en el ejercicio de todas las acciones que puedan resultar en su provecho. 31 LPRA sec. 7242.

De igual forma, hay ciertas instancias que nuestro ordenamiento jurídico requiere que se obtenga autorización judicial para llevar a cabo ciertas acciones. En lo pertinente al caso que nos ocupa, el Artículo 165 (i) del Código Civil, 31 LPRA sec. 5730, dispone que será necesaria una autorización judicial cuando se pretenda dividir una cosa que el menor de edad o incapacitado posea en común con otro. A esos efectos, el Código de Enjuiciamiento Civil establece los parámetros que regirán la petición para solicitar autorización del tribunal. 32 LPRA secs. 2721-2723. En lo

concerniente a lo que nos ocupa, el Artículo 615 del referido Código establece lo siguiente:

> Presentada en forma la solicitud, el tribunal señalará día para la práctica de las pruebas relativas a los hechos alegados, debiendo el acto verificarse en corte abierta, o en el despacho del juez, si el tribunal estuviere en vacaciones, con asistencia del fiscal que intervendrá en el asunto para la vigilancia de los derechos del menor o incapaz.
>
> [...].
>
> 32 LPRA sec. 2722.

Al respecto, la *Ley Orgánica del Departamento de Justicia*, Ley Núm. 205-2004, según enmendada, 3 LPRA sec. 291, define la figura del *Procurador* como "[e]l funcionario nombrado por el Gobernador de Puerto Rico conforme dispone esta Ley, que ejerce sus funciones como miembro del Ministerio Público, ya sea en capacidad de Procurador de Asuntos de Familia o Procurador de Asuntos de menores [...]". Específicamente en cuanto al Procurador de Asuntos de Familia, el Artículo 76 de dicho estatuto establece que este deberá actuar como abogado de los menores de edad en los procedimientos que versan sobre una solicitud de autorización judicial. 32 LPRA sec. 295a.

Ahora bien, el 10 de agosto de 2012, el Secretario de Justicia promulgó la Orden Administrativa Núm. 2012-06, intitulada *Normas sobre las Instancias en las cuales el Procurador de Asuntos de la Familia Intervendrá como Defensor Judicial,* ello con el propósito de aclarar que no era necesaria la intervención del Procurador de Asuntos de Familia en los procesos de consignación.

### C

Nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 124 (1992). El empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política

judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Sierra v. Rodríguez,* 163 DPR 738, 745 (2005); *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993); Regla 1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 1. En este contexto, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Creas Inc.,* 118 DPR 679, 686-687 (1987).

## D

Sabido es, que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 63, 216 DPR __ (2025).

**III**

En el presente caso, los peticionarios arguyeron que el Tribunal de Primera Instancia erró al denegar su solicitud de retiro de los fondos consignados. Alegaron que no existía controversia alguna sobre la identidad de los beneficiarios válidamente designados, ni sobre los porcentajes que le correspondía a cada uno. Por tanto, plantearon que era contrario a los principios de la economía procesal exigirle a los peticionarios iniciar un pleito ordinario independiente.

Tal cual esbozamos en el entendido doctrinal, debido a que los menores de edad carecen de capacidad para obrar, nuestro ordenamiento jurídico requiere que los progenitores que ostentan la

patria potestad los representen en los pleitos en los cuales son partes. Sin embargo, hay ciertas instancias en las cuales será necesario que el Procurador de Asuntos de la Familia también comparezca, entre ellas, cuando se requiera autorización judicial para obtener permiso cuando se pretenda dividir una cosa que un menor de edad posee en común con otro.

En el caso de autos, surge del expediente que los peticionarios, ambos mayores de edad, concurren con dos (2) menores de edad, GRR y JRR, en el interés de los fondos consignados. Para poder retirar del Tribunal la porción que les corresponde a los peticionarios, resulta necesario que comparezcan tanto los progenitores con patria potestad de dichos menores, como el Procurador de Asuntos de Familia para asegurarse que la cantidad adjudicada a cada beneficiario sea correcta. Si bien la comparecencia de estas partes no constituía un requisito para la consignación *per se* de los fondos en controversia, sí resulta indispensable para autorizar su retiro.

Es nuestra apreciación que, al exigir la presentación de un pleito ordinario independiente, el Tribunal de Primera Instancia se apartó de los principios de celeridad y economía procesal que rigen nuestro ordenamiento jurídico. Por consiguiente, procede expedir el auto solicitado y revocar el dictamen recurrido. Se ordena la devolución del caso al Tribunal de Primera Instancia para que se notifique el pleito de epígrafe a los progenitores con patria potestad de los menores involucrados, así como al Procurador de Asuntos de Familia, para que se expresen en cuanto a la solicitud de retiro de la porción de los fondos que le corresponde a los aquí peticionarios.

**IV**

Por los fundamentos antes esbozados, *expedimos* el auto solicitado *y revocamos* la *Orden* recurrida. Consecuentemente, se

devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos, conforme el dictamen emitido por este Foro.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones